IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELANIE HALES

     Plaintiff,

v.                                    CASE NO. 3:24-cv-362-DJH

MENARD, INC.

     Defendants.

## ANSWER

Defendant, Menard, Inc. ("Menards"), by counsel, for its Answer and affirmative defenses to Plaintiff's Complaint, state as follows:

As to the numbered paragraphs in Plaintiff's Complaint,

1. Menards lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

2. Menards admits the allegations contained in Paragraph 2.

3. In response to Paragraph 3, Menards denies for purposes of Plaintiff's allegations all factual averments relating to the location of 9625 Preston Crossing Blvd., Louisville, Kentucky 40229. Menards admits that it operates the Premises located at 4900 Cooper Chapel Road, Louisville, Kentucky 40229 (the "Premises").

4. The allegations contained in Paragraph 4 constitute legal conclusions to which no responsive pleading is required. If a response is deemed to be required, Menards admits only to possessing those duties which it holds under applicable law.

1

5. Menards denies the allegations contained in Paragraph 5. Menards states that upon present information and belief, Plaintiff was at the Premises on or about July 23, 2023. Menards lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5. Menards denies any express or implied allegations of wrongful, negligent, or other culpable conduct.

6. Menards denies the allegations contained in Paragraphs 6, 7, 8, and 9.

7. Menards lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

8. All allegations contained within the Complaint, to include any allegations contained in, or implied through, the Demand for Relief, which are not specifically admitted herein, are expressly denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim against Menards upon which relief can be granted.

2. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused by the acts, omissions and/or active primary negligence and/or intentional conduct and/or the intervening and superseding negligence of persons or entities other than Menards, and such negligence or intentional acts by such persons or entities precludes any liability of Menards, or alternatively, requires apportionment of fault attributable to persons or entities other than Menards.

3. The injuries and damages alleged in the Complaint, if any are found, were caused, in whole or in part, by Plaintiff's contributory and/or comparative negligence by reason of his failure to use the degree of care which would have been used by an ordinary, reasonable, and prudent

2

person under the same or similar circumstances.  Any damages to which the Plaintiff may be found to be entitled are barred and should be reduced in proportion to the amount of fault attributable to the Plaintiff.  The negligence of the Plaintiff proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in the Complaint.

4. The conduct of Menards was not the proximate cause or a substantial factor in causing any of the injuries or damages, if any occurred, alleged by the Plaintiff.

5. To the extent that there exists any person or entity who has paid any amounts to or for the benefit of the Plaintiff or on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS 411.188 and the Complaint is barred.  Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights.  Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

6. To the extent special damages are sought by Plaintiff during the pendency of his lawsuit, Plaintiff has failed to comply with CR 9.06, and any such claim is therefore barred.

7. Pending discovery, Menards reserves the right to contend that Plaintiff failed to properly mitigate his damages, if any.

8. The alleged condition did not pose a dangerous condition on the Premises.

9. The alleged condition was open and obvious.

10. The alleged condition did not exist for sufficient time in order for Menards to discover, warn, and/or remedy it.

11. Subject to what discovery may reveal, Plaintiffs' claims are barred by one or more or all of the affirmative defenses of lack of jurisdiction, failure to exhaust administrative remedies,

3

failure to name indispensable parties, failure to mitigate damages, assumption of risk, release, waiver, estoppel, and any other matter constituting avoidance or affirmative defense, pursuant to Kentucky Civil Rule 8.03.

12. Any claim by Plaintiff for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution and violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Sections 2, 3, 13, 14 and 17 of the Kentucky Constitution.

13. Menards acts and/or omissions, if any, were superseded by unforeseeable, independent, intervening, or superseding events.

14. Menards retains and reserves the right to supplement its Answer and plead any and all additional defenses and affirmative defenses that become known as applicable through the course of litigation.

**WHEREFORE,** the Defendant, Menard, Inc., respectfully demands as follows:

1.    Dismissal of the Complaint with prejudice; or

2.    Trial by jury on all issues so triable; and

3.    Recovery of its costs, expenses, and attorney's fees as allowed by law; and

4.    Leave to amend its Answer, if necessary, as discovery proceeds; and

5.    Any and all other relief under law and equity to which Menards is entitled.

Respectfully submitted,

Steven B. Lowery
REMINGER CO., L.P.A.
730 West Main Street, Suite 300
Louisville, KY 40202

4

P:(502) 625-7306
slowery@reminger.com
*Counsel for Menard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been filed electronically this 24th day of June, 2024, via the Court's Electronic Filing System, and that notice of this filing will be provided to all counsel of record via the Court's Electronic Filing System to:

J. Tate Meagher
Christopher C. Bailey
Meagher Law Office, pllc
9710 Park Plaza Ave., Unit 205
Louisville, KY 40241
(T): 502.654-6744
*Counsel for Plaintiff*

/s/ *Steven B. Lowery*
Steven B. Lowery
REMINGER CO., L.P.A.

5